### LEMKE v. KITA

1. ACTION—JURISDICTION—FOREIGN CONSUL—FEDERAL COURTS.

> The United States District Courts have original jurisdiction exclusive of state courts in proceedings against consuls or vice-consuls of foreign states; therefore state circuit court's granting of a motion for accelerated judgment by a person who was the consul general of the Polish People's Republic in an action brought against him in circuit court was proper (28 USCA, § 1351).

2. ACTION — JURISDICTION OVER DEFENDANT — FOREIGN CONSUL — WAIVER.

> A consul general of the Polish People's Republic did not waive the lack of jurisdiction of the circuit court when he asserted such lack of jurisdiction by motion to quash service of process and dismiss the action against him.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted Division 1 May 13, 1969, at Detroit. (Docket No. 5,200.) Decided June 23, 1969. Rehearing denied September 5, 1969. Leave to appeal denied November 18, 1969. See 382 Mich 795.

Complaint by Frank M. Lemke against Adolf Kita, Richard J. Michael, and Jacob L. Sobieraj for libel and conspiracy to defame. Defendant Kita's motion for accelerated judgment granted. Plaintiff appeals. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Ambassadors and Consuls § 16.
[2] 4 Am Jur 2d, Ambassadors and Consuls § 10.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian (Wolf, Popper, Ross, Wolf & Jones* of New York City, of counsel), for defendant.

BEFORE: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

PER CURIAM. Plaintiff commenced this action against Adolf Kita and others, jointly and severally. Mr. Kita was consul general of the Polish People's Republic at Chicago, Illinois for various States, including Michigan.

Mr. Kita moved to quash the service of summons and for dismissal of the complaint on the ground that the courts of this State are without jurisdiction to entertain a suit against a consul of a foreign state. The trial judge granted judgment dismissing the complaint as to Mr. Kita.

We affirm. The relevant statute is entirely clear:

"The district courts shall have original jurisdiction, *exclusive of the courts of the States,* of all actions and proceedings against consuls or vice consuls of foreign states." 28 USCA, § 1351. (Emphasis supplied.)

Manifestly, an action against the consul of a foreign state, such as Mr. Kita, may not be commenced in the circuit court.

Defendant did not waive the lack of jurisdiction of the circuit court when he asserted such lack of jurisdiction by motion to quash and dismiss. Nor is there merit in plaintiff's claim that Mr. Kita waived his right to assert this lack of jurisdiction by failing to remove the case to the Federal courts. Mr. Kita had no obligation so to remove the case, even if removable. His motion to quash and dismiss was timely.

Affirmed. Costs to appellee.